UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GENE ROPER,<br><br>                         Plaintiff,<br><br>    v.<br><br>STATE OF NEVADA, et. al.,<br><br>                         Defendants. | Case No. 3:22-CV-00314-MMD-CLB<br><br>**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**[1] |

This case involves a civil rights action filed by Plaintiff Gene Roper ("Roper") against various Defendants. Before the Court is Roper's failure to comply with Local Rule ("LR") IA 3-1 requiring him to change his address.

On July 25, 2022, the Court served a notice on Roper advising him that he was required to file an updated address and denying his *in forma pauperis* application as moot. (ECF No. 3.) The Court expressly ordered Roper to update his address by August 24, 2022 pursuant to Local Rule IA 3-1. (*Id.*) Roper was cautioned that his failure to do so would result in a dismissal of this action. (*Id.*)

To date, Roper has not filed a notice of change of address with the Court. In fact, Roper has not filed a document with the Court since he filed an application to proceed *in forma pauperis* on July 14, 2022. (ECF No. 1.)

LR IA 3-1 provides that the failure to "immediately file with the Court written notification of any change of address . . . may result in dismissal of the action . . . ." Prior to dismissal for failure to follow local rules, the Court must consider "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of

---

[1] This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). This litigation cannot proceed or be decided on the merits if the Court and Defendants cannot contact Roper, nor should the Court or Defendants be required to continue to try to resolve the case without Roper's participation. All five factors clearly favor dismissal of this case.

Based on the foregoing and for good cause appearing, the Court recommends that this case be dismissed based upon Roper's failure to notify the Court of his change of address pursuant to LR IA 3-1.

The parties are advised:

1.   Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.   This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

**RECOMMENDATION**

**IT IS THEREFORE RECOMMENDED** that this action be **DISMISSED** for Roper's failure to comply with LR IA 3-1.

**DATED**: August 30, 2022.

_____
UNITED STATES MAGISTRATE JUDGE